# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ELENA TAFOYA,

    Plaintiff,

    vs.                                                        No. CIV 99-1387 JC/DJS

WAL-MART STORES, INC., EDWINA
TENORIO and JOHN DOE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Motion to Remand, filed January 13, 2000 *(Doc. 8)*. In addition to her request to remand this matter to state court, Plaintiff asks for an award of attorney fees and costs pursuant to 28 U.S.C. § 1447(c).

**I.**     **Background**

On October 20, 1999, Plaintiff sued Wal-Mart Stores, Inc. (Wal-Mart) in state court for damages arising from a fall at the Taos Wal-Mart. On November 1, 1999, at 1:25 p.m., Wal-Mart faxed to Plaintiff's counsel a proposed Stipulation Regarding Maximum Damages Limitation and notification of removal. A short time later that afternoon, Plaintiff voluntarily dismissed her state lawsuit without prejudice.

On November 18, 1999, Plaintiff filed a new state action against Wal-Mart, Edwina Tenorio, and John Doe based on the same fall which was the subject of the first state lawsuit. Plaintiff, Ms. Tenorio, and the John Doe are residents of the State of New Mexico. Compl. for Personal Injuries at ¶¶ 1,3, and 4, filed Nov. 18, 1999 in Civ. No. 99-352 in the Eighth Judicial District Court,

County of Taos, State of New Mexico (attached to Notice of Removal, filed Nov. 30, 1999 *(Doc. 1)*). Notwithstanding the lack of complete diversity, Defendants filed a Notice of Removal on November 30, 1999 *(Doc. 1)* claiming that removal to federal court is appropriate under diversity jurisdiction, because Plaintiff fraudulently joined Ms. Tenorio and John Doe to defeat diversity jurisdiction. *See* 28 U.S.C. § 1332 (diversity jurisdiction).

**II.     Discussion**

   **A.     Fraudulent Joinder**

As a preliminary matter, Plaintiff contends that Defendants cannot bring a fraudulent joinder argument pursuant to 28 U.S.C. § 1447(e). Plaintiff is correct. Section 1447(e) applies to joinders made after removal to destroy subject matter jurisdiction. However, courts also apply the fraudulent joinder doctrine where a plaintiff "used an unacceptable device to defeat diversity" such as naming improper defendants. *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 110 (3rd Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991). *See also Lowell Staats Min. Co. v. Philadelphia Elec. Co.*, 651 F. Supp. 1364 (D. Colo. 1987), *aff'd by* 878 F.2d 1271 (10th Cir. 1989). I will, therefore, examine Defendants' fraudulent joinder argument.

The removing defendant "must plead a claim of fraudulent joinder with particularity and prove the claim with certainty." *Couch v. Astec Indus., Inc.*, 71 F. Supp.2d 1145, 1147 (D.N.M. 1999) (citing *McLeod v. Cities Service Gas Co.*, 233 F.2d 242, 246 (10th Cir. 1956)). Accordingly, the defendant claiming fraudulent joinder has a significant burden of proof. *Id.* (citations omitted). That burden of proof is met with clear and convincing evidence. *See Smith v. Blockbuster Entertainment Corp.*, 100 F.3d 878, 880 (10th Cir.1996).

In addition, the "federal courts may look beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent removal." *Smoot v. Chicago, Rock Island & Pacific R.R. Co.*, 378 F.2d 879, 882 (10th Cir.1967) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). The Court must also resolve all disputes of fact or uncertain legal issues in favor of the plaintiff. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir.1983), *superceded by statute on other grounds*, *Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533, 1539 (11th Cir. 1993). *See also Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir.1964). In other words, the court must strictly construe removal statutes and resolve all doubts in favor of remand. *J. W. Petroleum, Inc. v. Lange*, 787 F. Supp. 975, 977 (D. Kan. 1992) (citations omitted); *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).

Defendants argue in this case that fraudulent joinder occurred because Plaintiff did not intend to prosecute the individual defendants in the first place. Defendants base this argument on *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26 (3rd Cir. 1985). The court in *Abels* held that joinder is fraudulent when there is "'no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" *Id.* at 32 (quoting *Goldberg v. CPC Intern., Inc.*, 495 F. Supp. 233, 239 (N.D. Cal. 1980)). However, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker*, 709 F.2d at 1440-41 (quoted in *Boyer*, 913 F.2d at 111). *See also Couch*, 71 F. Supp.2d at 1147. Moreover, a motive to defeat diversity is not indicative of fraudulent joinder. *Abels*, 770 F.2d at 32 (citing *Goldberg*, 495 F. Supp. at 239). *See also Couch*, 71 F. Supp.2d at 1147.

In this instance, Plaintiff sets out in her Brief in Support of Motion to Remand, filed January 13, 2000 *(Doc. 9),* arguments which demonstrate that her second complaint states causes of action against both Ms. Tenorio and John Doe. Defendants in their Response to Motion to Remand, filed January 13, 2000 *(Doc. 10)*, do not contest those arguments. Rather, Defendants assert that Plaintiff's actions with respect to both the first complaint and the filing of the second complaint were suspicious and indicative of a motive to defeat diversity. Suspicious behavior and a motive to defeat diversity alone are not the hallmarks of fraudulent joinder, especially when the plaintiff has presented uncontested contentions that she has stated valid causes of actions against Ms. Tenorio and John Doe. Under these circumstances, I find that Defendants have not carried their significant burden of proving fraudulent joinder with clear and convincing evidence. A remand is, therefore, appropriate.

**B.     Fees and Costs**

Plaintiff requests that she be awarded the attorney fees and costs she incurred as a result of this removal to federal court. *See* 28 U.S.C. § 1447(c). Such an award is discretionary with the court, and bad faith need not be shown. *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir. 1997) (citing *Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 324-25 (10th Cir.), *cert. denied*, 511 U.S. 1082 (1994)). The propriety of the defendants' removal is central in determining whether to impose fees, *Daleske*, 17 F.3d at 324 (quoting *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993)), and a showing that the removal was improper *ab initio* is required. *Suder*, 116 F.3d at 1352. Factors that the Court should consider in determining whether to award attorney fees and costs include the strength of any argument in support of the propriety of removal and the complexity of the issue. *Rice v. Mayflower Transit, Inc.*, 1995 WL 347957 at *1 (N.D. Ill. 1995) (citing *Daleske*, 17 F.3d at 324; *Miranti*, 3 F.3d at 928; *Katonah v. USAir, Inc.*, 876 F. Supp. 984, 990 (N.D. Ill. 1995)); *see*

*also Newton v. Tavani*, 962 F. Supp. 45, 48 (D.N.J. 1997) (award not warranted in case raising difficult legal issues involving complex statutory provisions); *Clegg v. Powers*, 1997 WL 672641 at *6 (W.D. Va. 1997) (same).

As with the decision whether to grant an award of attorney fees and costs, so too the fashioning of an appropriate award lies within the sound discretion of the Court. *Morgan Guar. Trust Co. v. Republic of Palau*, 971 F.2d 917, 924 (2nd Cir. 1992). Thus, "[t]he court may award none, some, or all of the fees incurred by the remanding party." *Moore v. Kaiser Found. Hosps., Inc.*, 765 F. Supp. 1464, 1466 (N.D. Cal. 1991); *see also Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir.), *cert. denied,* 522 U.S. 977 (1997). The purpose of an award is remedial and should compensate a plaintiff for abuses in the use of the removal procedure. *Shrader v. Legg Mason Wood Walker, Inc.*, 880 F. Supp 366, 368 (E. D. Pa. 1995).

Here, the strength of Defendants' argument in support of the propriety of removal was not great, and the issue of fraudulent joinder not particularly complex. Thus, the Court concludes that the removal was improper *ab initio*. This conclusion, however, does not justify an award in the amount of $1,575 (9 hours @ $175 per hour) as requested by Plaintiff. *See* Ex. B, Attorney Aff. (attached to Motion to Remand). Plaintiff's attorney, Mr. Lopez, prepared a Motion to Remand and a five-page Brief in Support of Motion to Remand. Mr. Lopez did not prepare or file a reply brief in this matter. Considering the brevity of Mr. Lopez's pleadings and the rather straightforward nature of the issues involved in the Motion to Remand, I find that Plaintiff is entitled to attorney fees in the amount of $800.

Wherefore,

IT IS ORDERED that Plaintiff's Motion to Remand, filed January 13, 2000 *(Doc. 8)*, is **granted**, and this matter **remanded** to the Eighth Judicial District Court, County of Taos, State of New Mexico.

IT IS FURTHER ORDERED that within five days of the entry of this Memorandum Opinion and Order, Defendants shall pay Plaintiff $800 for attorney fees incurred in bringing this Motion to Remand.

DATED this 14th day of February, 2000.

------------------------------

**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:    Anthony G. Lopez
Taos, New Mexico

Counsel for Defendants:    Steven S. Scholl
Lisa M. Roybal
Dixon, Scholl & Bailey, P.A.
Albuquerque, New Mexico